## Watson v. Kruk et al.

*Donald J. McGonigal*, for plaintiff.
*Julian W. Barnard*, for defendants.

KNIGHT, P. J., September 12, 1946.—From the statement of claim, the following facts appear:

On January 31, 1946, an automobile operated by Thomas J. Watson, Jr., collided with a truck owned by

Louis Kruk, and operated by Theodore F. Kruk, in Montgomery County. In the collision Mr. Watson was injured, and died of his injuries the same day.

An action for the wrongful death of Thomas J. Watson, Jr., was brought against defendants by Margaret D. Watson, administratrix of his estate, in this court, as of April term, 1946. The exact date when the action was brought by administratrix is not set forth in the statement, but it must have been on or before April 22, 1946, for the statement filed in the case now before us was filed on that date, and speaks of the action by administratrix as having been commenced. As of the captioned term and number, plaintiff, Margaret D. Watson, acting for herself, and as trustee ad litem for the minor child of Thomas J. Watson, Jr., brought this action against defendants for the wrongful death of said Thomas J. Watson, Jr.

To the statement presently before us, defendant Theodore F. Kruk filed this affidavit of defense raising questions of law.

Defendant, Theodore F. Kruk, contends that an action to recover for the alleged wrongful death of the said Thomas J. Watson, Jr., having been commenced against these defendants, by administratrix of said decedent, plaintiff herein is not entitled to maintain the present action.

The Pa. R. C. P. No. 2202 (*a*) provides as follows:

"Except as otherwise provided in clause (*b*) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death."

Clause (*b*) of Rule 2202 above referred to is as follows:

"If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative

or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

Also, Rule 2202 (*c*) provides as follows:

"While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death."

The record before us discloses that an action was brought by administratrix of Thomas J. Watson, Jr., against these defendants for the recovery of damages for the alleged wrongful death of Thomas J. Watson, Jr., within six months of the date of the death. It therefore follows that the action before us is barred by the suit commenced by administratrix. The constitutionality of the Pa. R. C. P., above quoted, is not challenged, nor is that of the Act of June 21, 1937, P. L. 1982, by virtue of which the rules were promulgated by the Supreme Court.

The statement of claim avers that the present action was brought under certain acts of assembly which have been suspended by the Rules of Civil Procedure and also under Pa. R. C. P. 2202(*b*). Rule 2202(*b*), as above quoted, specifically provides that it is only in cases in which no action for the wrongful death has been brought within six months after the death that the action may be brought by anyone else except the personal representative. Such is not the case here.

And now, September 12, 1946, the questions of law raised by the affidavit of defense are decided in favor of defendants, and it is directed that judgment be entered for defendants, barring plaintiff from maintaining and proceeding with the above-captioned action. Provided, that nothing in this order shall affect in any way the rights of plaintiff herein, or her minor child, in the action brought by her as administratrix of the estate of Thomas J. Watson, Jr., deceased, against defendants herein.